UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RICHARD BOWERS                                                              PLAINTIFF

VERSUS                                                                  № 2:06-CV-201-B-A

THE MAJESTIC STAR CASINO, LLC, ET AL.                                      DEFENDANTS

## ORDER GRANTING DEFENDANTS' MOTIONS {№ 18, 20} TO STRIKE

The defendants, Majestic Star Casino and the MASCO Corporation, ask this court to strike the plaintiff's expert designations of Drs. Forbes (of philosophy) and Lynch (of medicine). For the foregoing reasons, the motion is **GRANTED**.

In this case's management order, the court set the expert designations at August 3, 2007 and September 3, 2007, for the plaintiff and defendants respectively. (*See* №10, at p. 2). On August 2, 2007, the plaintiff designated his expert witnesses (*See* №16). In that document, the plaintiff identified Drs. Forbes and Lynch, offering seven pages of text purporting to comply with the FEDERAL RULES OF CIVIL PROCEDURE and the LOCAL RULES. The defendants disagree.

### A.   *Applicable Law*

Regarding a party's required disclosure of the identity of any expert witness the party may use at trial, the FEDERAL RULES OF CIVIL PROCEDURE provide as follows:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied

> by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness had testified as an expert at trial or by deposition within the preceding four years.

FED. R. CIV. P. 26(a)(2)(B). Under LOCAL RULE 26.1(A)(2)(d) and (e),

> An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or *sua sponte* by the court. . . . [t]he court will allow the subsequent designation and or discovery of expert witnesses only upon a showing of good cause.

The requirements for designation of treating physicians as witnesses are more lenient in this district. LOCAL RULE 26.1(A)(2)(d) requires disclosure only of the facts known and the opinions held by a treating physician, along with a summary of the grounds therefor. These are, however, minimum requirements for an acceptable designation of a treating physician witness.

Every attorney who appears before the undersigned at a Case Management Conference has heard the same policy discussed – counsel must timely and properly designate expert witnesses or the same will be stricken and precluded from testifying at trial. While this result may appear harsh, the court repeatedly makes this policy known to all counsel who practice before it, both verbally at the Case management Conference and in writing in the Case Management Order which is entered after the conference.

## B. Dr. Forbes

The defendants argue that the designations are inadequate. Dr. Forbes's designation is inadequate because there is no written report from Dr. Forbes, which the plaintiff excuses by offering to supplement the designation with the written report at a later date. (*See* №16, at pp. 5-6). Both defendants represent that, as of the date of their filing this motion, they have not received any supplementation. The court has reviewed the "designation" submitted for Dr. Forbes's testimony and concludes that it is wholly deficient. The failure to attach a report signed by Dr. Forbes is fatal to the designation. A proper Rule 26(a)(2)(B) report would include detailed information, including the opinions it is represented Forbes will offer and all of the factual information upon which those opinions are based, along with any exhibits, etc., which will support his testimony. Plaintiff's failure to comply with the FEDERAL RULES OF CIVIL PROCEDURE, this court's Local Rules, and the specific oral and written directives of the undersigned cannot be sanctioned.

The Fifth Circuit mandates an extra layer of analysis before this court may strike an designation for failure to comply with the rules. In determining whether violation of RULE 26 requiring disclosure of evidence is harmless, the court must consider four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence to be used at trial; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the evidence. FED. R. CIV. P. 26(a), (e)(1), 37(c)(1); *United States v. $9,041,598.68*, 163 F.3d 238 (5th Cir.1998).

***Importance***. Dr. Forbes would testify about the defective nature of the particular product that the plaintiff contends failed, giving rise to this case. That testimony, especially if the plaintiff has no other means to prove that crucial point, would be integral to proving the plaintiff's case-in-chief. Therefore, it has substantial importance.

***Prejudice***. Precisely because the testimony is substantially important, allowing the testimony would prejudice the defendants. Indeed, if the jury heard and credited the doctor's testimony, the plaintiff would have established an essential element of its case.

***Cure through Continuance***. Granting a continuance will not alleviate the prejudice that the defendants could suffer because of this expert's purported testimony.

***Explanation***. Significantly, the plaintiff has not filed a response to this motion to strike. Therefore, the court has been offered no explanation for the inadequate designation.

Considering these factors conjunctively with the FEDERAL RULES OF CIVIL PROCEDURE and the LOCAL RULES, the court concludes that the expert designation of Dr. Forbes should be stricken.

## C. **Dr. Lynch**

Dr. Lynch's designation, the defendants argue, is inadequate even under LOCAL RULE 26.1(A)(2)(d), which requires disclosure of the facts known and the opinions held by a treating physician, along with a summary. The designation is

4

facially adequate under LOCAL RULE 26.1(A)(2)(d).

There is disagreement, though, over whether the plaintiff ever transmitted his medical records to the defendants. In his designation of Dr. Lynch, plaintiff states that Dr. Lynch may testify about the plaintiff's various medical conditions "as contained within [p]laintiff's medical records and files, *as same have been produced to counsel for [d]efendants . . .*" (№16, at p. 2) (emphasis added). The defendants represent that "no such 'medical records and files' have ever been produced" (№19, at p. 3); if this is so, then the defendants are left without sufficient factual information to appreciate the nature and extent of Dr. Lynch's proposed testimony. Therefore, if plaintiff has not produced Dr. Lynch's records to defendants, his testimony shall be completely barred. If, however, some but not all of his records were provided before the expert designation deadline ran, Dr. Lynch's testimony shall be limited to facts and opinions reasonably drawn from the records which were so provided.

The motions {№ 18, 20} are **GRANTED**, with the above qualification relating to production *vel non* of Dr. Lynch's records before expiration of the expert designation deadline.

**SO ORDERED**, this the 17th day of October, 2007.

>　　　　　　　　　　　　　　*/S/ S. Allan Alexander*
>　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE